### MECHANICAL PLASTICS CORP., Plaintiff,

v.

### UNIFAST INDUSTRIES, INC., Defendant.

### No. CV 84–3290.

United States District Court, E.D. New York.

June 18, 1985.

---

Pennie & Edmonds, New York City, for plaintiff.

Fiddler & Levine by Robert W. Fiddler, New York City, for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is an action for patent infringement. Defendant has filed a counterclaim, contending that plaintiff's patent is invalid. Plaintiff has moved for leave to amend its complaint so as to charge defendant only with infringing upon Claim 30 of plaintiff's patent. Plaintiff states that plaintiff has determined that defendant is not infringing any other claim in plaintiff's patent. The question therefore arises: "Does this Court continue to have jurisdiction over defendant's counterclaim insofar as such counterclaim questions the validity of claims other than Claim 30 in plaintiff's patent?"

The Honorable David F. Jordan, U.S. Magistrate, has issued a Report and Recommendation stating that this Court lacks jurisdiction over the counterclaim (except with respect to Claim 30 of the patent), and that even if the Court possesses jurisdiction the Court should decline as a matter of discretion to render a declaratory judgment.

In *Shelcore, Inc. v. Durham Industries, Inc.*, 745 F.2d 621, 624 (Federal Circuit 1984), the Court stated that a plaintiff may not unilaterally remove the issue of patent validity by dropping an infringement claim where the defendant has raised the issue of patent validity in a counterclaim. The Court relied upon *Altvater v. Freeman*, 319 U.S. 359, 363–364, 63 S.Ct. 1115, 1117–1118, 87 L.Ed. 1450 (1943). We respectfully disagree with the Federal Circuit. As Magistrate Jordan points out, in *Altvater* the defendant paid royalties to plaintiff under a licensing agreement. Defendant's obligation to pay plaintiff depended upon the validity of plaintiff's patent. Consequently, there existed a genuine controversy between plaintiff and defendant implicating the issue of patent validity, quite independent of any claim by plaintiff against defendant for patent infringement. In *Shelcore*, by contrast, we believe that no genuine controversy over patent infringement existed after plaintiff withdrew its charge of patent infringement against defendant. Despite our agreement with Magistrate Jordan and our disagreement with the Federal Circuit, we believe that we are bound by the Federal Circuit, in light of the fact that any appeal in this case will go to the Federal Circuit under 28 U.S.C. § 1295(a)(1). We are therefore compelled to hold that this Court may exercise jurisdiction over defendant's counterclaim even insofar as such counterclaim questions the validity of claims other than Claim 30 in plaintiff's patent.

Although we are compelled to hold that we have the right to exercise jurisdiction, we nevertheless as a matter of discretion decline to exercise such jurisdiction over defendant's counterclaim for a declaratory judgment under 28 U.S.C. § 2201 (except

with respect to Claim 30 of plaintiff's patent). Since in our opinion there is no actual controversy properly conferring jurisdiction, it follows *a fortiori* that we should not exercise whatever discretion we have to grant a declaratory judgment. It should be noted that the instant case differs from *Shelcore,* in which plaintiff did not drop its infringement claim until the middle of trial. It should also be noted that this case differs from *Four Seasons v. Sun System,* No. CV 84–3807, unpublished opinion (E.D. N.Y. 3/6/85)(Wexler, J.). There, plaintiff charged defendant with patent infringement in a letter, but neither raised the charge in its complaint nor unequivocally withdrew its charge. We upheld jurisdiction over defendant's counterclaim for a declaration of patent invalidity. In the instant case, by contrast, plaintiff has unequivocally withdrawn its charge of patent infringement.

In accordance with Magistrate Jordan's Report and Recommendation dated May 9, 1985, it is hereby

ORDERED, that plaintiff's motion for leave to amend its complaint is granted, and that the allegations of infringement of patent claims 1–29 set forth in the original complaint are dismissed with prejudice pursuant to Rule 41(a)(2), and it is further

ORDERED, that defendant's counterclaim, insofar as such counterclaim questions the validity of plaintiff's patent claims 1–29, is dismissed on the ground that this Court declines to exercise jurisdiction pursuant to 28 U.S.C. § 2201, and it is further

ORDERED, that the Clerk shall not enter judgment at this time.

SO ORDERED.